**STEEL STAMPING CO. v. N. N. HILL BRASS CO.**

No. 2413.

District Court, D. Connecticut.

Jan. 9, 1936.

Kwis, Hudson & Kent, of Cleveland, Ohio (A. J. Hudson, of Cleveland, Ohio, of counsel), and Rockwell & Bartholow, of New Haven, Conn. (Edmond M. Bartholow, of New Haven, Conn., of counsel) for plaintiff.

Howson & Howson, of New York City (Hubert Howson, of New York City, of counsel), and George D. Seymour, of New Haven, Conn., for defendant.

## I. Findings of Fact.

HINCKS, District Judge.

1. This is a suit brought by a toy manufacturer, charging infringement of its patent No. 1,777,427, issued March 7, 1930, upon the application of one Bregman, filed March 6, 1924, covering an invention relating to toy telephones. The plaintiff relies upon claims 16, 18, 19, 20, and 21, each of which discloses a combination consisting of a toy telephone of the dial type, comprising three elements as follows: (1) A rotatable dial, (2) a signalling device or bell, and (3) a means cooperating with the rotatable dial "for actuating said signalling device," i. e., to ring the bell.

2. The plaintiff has manufactured toy telephones similar to those disclosed in its patent continuously from 1924; its total output being some 3,000,000 in number, and its total business on this item amounting to $500,000. During the earlier years of this period, its output and sales were small, but toward the end of the period had mounted to something over $120,000 annually.

3. The patented article, throughout its period of manufacture, has been not at all in competition with commercial telephones, but has been merchandised in the field of toys, which, in commerce, is a distinct field.

4. The patent in suit, although to be sure all its claims now in issue are broadly stated, discloses in its specifications a specific mechanism in which a rotatable dial is connected with a bell by a fixed shaft. The turning of the dial tightens a coil spring which upon the release of the dial causes a counter movement thereof to take place. This, in turn, through the instrumentality of a pawl and ratchet causes the rotation of a series of gears which in turn rotate clapper-arms which, under centrifugal action, throw the clappers into contact with the bell. A specimen of plaintiff's commercial product is in evidence as Plaintiff's Exhibit 4, and a dismounted part thereof comprising the dial, bell, and the intermediate cooperative means is in evidence as Plaintiff's Exhibit 6.

5. The defendant, a corporation engaged in the manufacture of bells and toys, at the present time and for several years prior to the date of the complaint herein has been manufacturing and selling a toy telephone of the dial type which

follows the disclosure of United States Patent No. 1,808,037, now owned by the defendant and issued on June 2, 1931, upon an application of one Hill, filed on September 25, 1930. It is this product which plaintiff charges with infringing the patent in suit, and commercial specimens thereof are in evidence as Plaintiff's Exhibits 2 and 3.

6. The mechanism of the defendant's product is as shown in its patent, Hill, No. 1,808,037. The defendant's toy also has the appearance of a miniature dial telephone. But in the defendant's device, a single shaped sheet of metal serves both as dial and bell. Within the cavity of this bell is a framework supporting a reciprocatory slide, each end of which acts as a hammer. On the inside periphery of the bell are cam-like projections, which, as the bell and dial are rotated, necessarily contact one head of the reciprocatory hammer, thus pushing the hammer-head on the opposite end of the slide against the surface of the bell, thus sounding the signal.

7. Ever since 1920, commercial telephone companies to an ever increasing degree have used instruments of the type wherein the rotatable dial member cooperated electrically with numerous and complicated means to produce given results in the telephone exchange and indirectly to sound a signal at the distant receiving end of a circuit. Such an instrument is disclosed in the Forsberg patent, No. 1,161,854, issued in 1915, included in Defendant's Exhibit B.

8. Rentscher United States patent, No. 1,426,504 (application filed March 6, 1922, patent issued August 22, 1922), also included in Defendant's Exhibit B, discloses a toy telephone of the upright type, whereby a bell in the base of the transmitter is sounded by a hammer mounted upon a bar which is caused to rotate by the vertical motion of a twisted bar actuated by a spring when the receiver is removed from the receiver hook.

9. The prior art is rich in illustrations of mechanical bells manually operated. Vide, Saladee (1869) No. 87,794; Allen & Goulden (1891) No. 450,347; Rockwell (1892) No. 471,983; all in evidence in Defendant's Exhibit B.

## II. Comment.

■ The defendant urges that the commercial telephone instrument as illustrated by Forsberg is a complete anticipation of the patent in suit. But Forsberg shows only a calling device or impulse sender for an automatic telephone system. To be sure, its disclosure comprehends a rotatable dial. Also means cooperating with that dial to send out a selected number of electrical impulses. But a sound signal in the device itself is not included in the conception of Forsberg's combination.

Bregman, on the other hand, shows an instrument which resembles the conventional dial instrument of commerce, in appearance and in the manual operation of the dial. But the ultimate function of the dial is to sound a bell or signal not at the distant end of a circuit, but rather in the very device of the patent. This is a function that is wholly absent in the commercial instrument, and a bell or mechanical signal is nowhere included as an element in the Forsberg combination.

■ The question at once arises as to the presence of patentable invention. In considering that question, we must bear in mind that the patent in suit is specifically limited to the field of toys. Neither by claim nor specification does it purport to disclose any invention relating to the telephonic art. That being so, the patentee's problem, and the measure of invention required to solve that problem, must be ascertained from the characteristics of the toy art.

A "toy," if we may believe the dictionaries, is a plaything, often but not necessarily always imitative of some living or manufactured thing. The subject-matter here involved obviously is a plaything imitative of a commercial telephone instrument. It is a combination of several co-operating elements.

■ It is fundamental in the patent law that merely to reproduce in miniature does not involve patentable invention, whether the subject-matter is an integral article or an elaborate combination. It is also well established that the omission of essential parts of a machine or combination does not constitute invention if the corresponding functions be likewise eliminated so that the remaining parts thereafter function just as before.

■ Here, in a toy telephone combination, all the electrical parts of its commercial prototype have been omitted. The result obviously has been to destroy its capacity as a telephonic instrument.

It does not follow, however, that the omission has destroyed its capacity as a plaything. That capacity will exist to the extent that the toy satisfies the play instincts of its proprietor. And the extent of that satisfaction may depend, among other factors, upon the presence of operable features to occupy the juvenile hand and mind, and also upon its success by its own physical appearance and by appeal to the juvenile imagination in suggesting the ordinary instrument which it imitates. By adding to the combination an operable signal, the patentee provided a cooperating gadget which at one and the same time would occupy juvenile activity and suggest the telephonic transactions of every day life.

Thus viewed, it may be that the conception of the combination in suit, both by the omission of parts and the addition of other parts, constituted patentable invention over Forsberg. But if so, the prior art shows that to Rentscher, not to Bregman, must go the credit for that invention. At least so far as concerns the claims here in issue, Bregman did nothing but substitute in Rentscher's broadly stated combination a dial-operated signal for one which Rentscher operated by the receiver hook of the upright instrument. At the time of Bregman's application the dial type of instrument was coming into an increasing commercial use. Surely it required not inventive genius, but merely ordinary business acumen, to foresee the advantage of simulating a modern, rather than a superseded, design. For aught shown in the record, to business acumen rather than to invention, must be attributed such commercial success as has been obtained. Consequently, Bregman's broad claims to the combination, wholly without definition of the co-operative means necessary for operability, cannot be sustained.

If the claims in suit have any validity—which I find it unnecessary to decide —they must, in view of the prior art, be construed as limited to the specific means disclosed in the specifications. And the specific mechanism disclosed permits only of a narrow range of equivalents, if anticipation by the bell patents referred to in the finding of fact No. 9 is to be avoided. The vital scope of the claims thus reduced to proper dimensions is such that, too plainly for argument, the defendant's structure does not infringe.

I am, therefore, impelled to the

### III. Conclusions of Law.

1. That the claims of the patent in suit here in issue must, in view of the prior art, be narrowly construed as confined to the precise mechanism disclosed in the specifications.

2. That so construed, the claims in issue have not been shown to have been infringed.

A decree may be submitted, dismissing the complaint, with costs to the defendant.